UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-422-D

| | |
|---|---|
| MAJORY WAGNER REGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES DEPARTMENT OF ) | |
| VETERANS AFFAIRS, et al. ) | |
| ) | |
| Defendants. ) | |

This cause comes before the Court upon a motion to dismiss (DE-26) pro se Plaintiff's complaint by the United States of America on behalf of Defendants.[1] The Government seeks dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. On May 30, 2012, the Court granted Plaintiff's motion for extension of time

---

[1] Plaintiff's complaint seeks redress pursuant to the Federal Tort Claims Act ("FTCA") and names numerous defendants, including John and Jane Does, all of whom she contends are federal employees acting within the scope of their employment. Compl. Introd. 2-3, DE-4. In its memorandum supporting the motion to dismiss, the Government correctly notes that the appropriate defendant for an FTCA claim is the United States. *See* 28 U.S.C. § 2679; Jameson v. Wiley, 14 F.3d 222, 227 (4th Cir. 1994). The Government certifies that it should be substituted as the defendant in lieu of the following named defendants who were acting in the scope of their employment with the United States Department of Veterans Affairs: William Feeley, Henry Patronski, Gregory Piskor, Nancy Benjamin, Dr. Thomas Grimaldi, Dr. Amy Quinlivan, Samuel J. Vicaretti, Jong-Chaur Shieh, and Michael S. Finegan. (DE-25; DE-36; DE-40). According to the Government, these are the only defendants who received actual notice of the present action and who can have their scope of employment verified. Mot. Dismiss 5, DE-26. The Government has asked that the Court dismiss claims against the remaining defendants "and/or construe the complaint as a FTCA claim solely against the United States." Mot. Dismiss Mem. 6, DE-27. The undersigned agrees and will construe Plaintiff's complaint as an FTCA claim against the United States.

1

to file a sur-reply and set a deadline of June 18, 2012. (DE-41). Plaintiff has not filed a sur-reply, and the time for doing so has expired. Accordingly, the matter is ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), the motion to dismiss has been referred to the undersigned for entry of a memorandum and recommendation. For the reasons stated herein, the undersigned recommends the Court grant the Government's motion to dismiss.

## I. FACTUAL BACKGROUND

According to the complaint, Plaintiff underwent a medical procedure at the Veterans Administration Medical Center in Buffalo, New York on or about November 9, 2000.[2] Compl. ¶ 16, DE-4. During the procedure, Plaintiff's physician injected her with contrast dye and contrast dye media. *Id.* Plaintiff, however, is allergic to contrast dye and media. *Id.* Plaintiff alleges she informed her physician of the allergy before undergoing the procedure and instructed him not to use contrast dye. *Id.* As result of the use of contrast dye and media, Plaintiff immediately began experiencing symptoms of autonomic dysreflexia, then "went into shock, was dropped, and injured." Compl. ¶ 17. The use of contrast dye also caused Plaintiff to later develop debilitating fatigue. Compl. ¶¶ 18-19. According to Plaintiff, she requested immediate medical care for her injuries but none was given. Compl. ¶ 19.

Within one year of the incident, Plaintiff contacted the Buffalo VA Regional Office of General Counsel requesting information and instructions pertaining to filing a

---

[2] The filings collectively make reference to both November 8, 2000, and November 9, 2000, as the date of the procedure. For the sake of simplicity, this memorandum and recommendation will refer to the latter date throughout.

claim under the Federal Tort Claims Act ("FTCA"). Compl. ¶ 21. Plaintiff was informed that she would need a written report by the attending physician stating the nature and extent of the problem, treatment plan, and prognosis, as well as a statement of a medical opinion supporting the allegation of malpractice. *Id.* Attempting to gather such documents, Plaintiff obtained her medical records from the VA. Compl. ¶ 28. Plaintiff believed that the computer-generated records were incomplete and inaccurate, however. Compl. ¶¶ 19, 22, 24, 28. The VA subsequently refused or ignored Plaintiff's requests to amend her medical records, despite repeated attempts by Plaintiff to do so. Compl. ¶¶ 29, 31, 35.

Plaintiff continued to seek medical treatment from the VA. She alleges that VA medical providers "refused her treatment and refused to report in their records that [she] had requested any medical care as a result of the negligent act." Compl. ¶ 25.

On September 25, 2009, Plaintiff filed an administrative tort claim under the Federal Tort Claims Act. Compl. ¶ 37. Her claim was denied as untimely and she appealed. The Office of the General Counsel for the VA informed Plaintiff of its final decision of denial in a letter dated February 24, 2011. Compl. ¶ 41; Ex. 7.

Plaintiff filed the instant complaint on August 18, 2011. (DE-4). The Government seeks dismissal in accordance with Rule 12(b)(1) of the Federal Rules of Civil Procedure, asserting that the Court lacks subject matter jurisdiction over the dispute because the statute of limitations under the FTCA has expired. (DE-27).

## II. LEGAL BACKGROUND

### A. Rule 12(b)(1)

When a defendant challenges the factual basis for subject matter jurisdiction through a Rule 12(b)(1) motion, the burden of proving subject matter jurisdiction is on the plaintiff. *See, e.g.,* Kerns v. United States, 585 F.3d 187, 194-95 (4th Cir. 2009); Richmond, F. & P.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists as to subject matter jurisdiction. *Id.* "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* When a Rule 12(b)(1) motion attacks the complaint as failing to state facts upon which subject matter jurisdiction may be based, the facts in the complaint are assumed to be true. Kerns, 585 F.3d at 192.

In the present case, Plaintiff, the nonmoving party, is proceeding pro se. It is well established that "pro se filings, 'however unskillfully pleaded, must be liberally construed.'" Daye v. Rubenstein, 417 Fed. Appx. 317, 318 (4th Cir. 2011) (quoting Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir. 1994)).

### B. Federal Tort Claims Act

Plaintiff brings her case under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*[3] An FTCA claim is "the sole remedy for any injury to person or property caused by the negligent or wrongful acts of a federal employee 'acting within the scope of his office or employment.'" Jamison v. Wiley, 14 F.3d 222, 227 (4th Cir. 1994) (quoting 28 U.S.C. § 2679(b)(1)). The FTCA is a "limited waiver of sovereign immunity" from suit, Muth v. United States, 1 F.3d 246, 249 (4th Cir. 1993), which provides that "the United States shall be liable . . . to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

In order to bring a claim under the FTCA, two requirements must be satisfied. First, an individual must make an initial presentation of a claim to the appropriate federal agency within two years of the accrual of the cause of action under 28 U.S.C. § 2401(b). *See* 28 U.S.C. § 2401(b) ("[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ."); Gould v. United States Dept. of Health and Human Servs., 905 F.2d 738, 741 (4th Cir. 1990) (en banc). Presenting an administrative claim within the two-year time period is "[a] key jurisdictional prerequisite to filing suit under the

---

[3] The complaint also references 42 U.S.C. § 1983 and HIPAA. However, section 1983 creates liability for deprivations of rights by State actors and therefore does not provide a remedy against federal officials or employees. *See* District of Columbia v. Carter, 409 U.S. 418, 424 (1973). As Plaintiff acknowledges, all of the named defendants are federal actors. Compl. 2. Further, "there is no private cause of action under HIPAA." Iannucci v. Mission Hosp., No. 1:08-CV-71, 2008 U.S. Dist. LEXIS 123259, at * 8-9 (W.D.N.C. Nov. 14, 2008). Although "HIPAA does provide for civil and criminal penalties," such penalties can only be enforced "by authorized state agencies or the Secretary of Health and Human Services." Hines v. N.W. Va. Operations, No. 1:08-CV-144, 2009 U.S. Dist. LEXIS 38061, at *13-14 (N.D.W.Va. May 1, 2009). Thus, as noted *supra*, an FTCA claim is the only viable cause of action set forth in the complaint.

FTCA." Kokotis v. United States Postal Serv., 223 F.3d 275, 278 (4th Cir. 2000). Second, suit must be initiated within six months of the mailing of the agency's final decision.[4] 28 U.S.C. § 2401(b).

"Section 2401(b) represents a deliberate balance struck by Congress whereby a limited waiver of sovereign immunity is conditioned upon the prompt presentation of tort claims against the government." Gould, 905 F.2d at 742. Recognizing this balance, the Supreme Court "has instructed the judiciary to abstain from extending or narrowing § 2401(b) beyond that which Congress intended and thereby defeating its obvious purpose." *Id.* (citing United States v. Kubrick, 444 U.S. 111, 117 (1979)).

> Applying these principles, federal courts with few exceptions have dismissed complaints where a plaintiff failed to file a claim with the appropriate federal agency within the two-year limitations period, even in cases where the plaintiff's failure to submit a claim in a timely manner was the result of the plaintiff's ignorance of the defendant's status as a federal employee. Flickinger v. United States, 523 F. Supp. 1372, 1375 (W.D.Pa. 1981). Courts have held that despite the harsh impact of this rule on plaintiffs, Wilkinson v. United States, 677 F.2d 998, 1001 (4th Cir.), *cert. denied*, 459 U.S. 906, 74 L. Ed. 2d 167, 103 S. Ct. 209 (1982), and "strong equitable considerations notwithstanding, the two-year limitation period of 28 U.S.C. § 2401(b) cannot be tolled or waived." Lien v. Beehner, 453 F. Supp. 604, 606 (N.D.N.Y. 1978). *See also* United Missouri Bank South v. United States, 423 F. Supp. 571, 577 (W.D.Mo. 1976) (limitation provision of FTCA not to be extended by implication or by equitable considerations).

*Id.* at 742.

For purposes of the FTCA, "a cause of action accrues when the plaintiff knows, or in the exercise of due diligence, should have known, first, of the existence of the injury, and

---

[4] There is no dispute here that Plaintiff exhausted her administrative remedies, and, having filed her suit on August 18, 2011 after receiving a final denial letter dated February 24, 2011, she properly filed her suit within the six-month period. This second requirement will therefore not be addressed further.

second, of the cause thereof." Muth, 1 F.3d at 249. A claim will accrue "even if the claimant does not know the precise medical reason for the injury, provided that he knows or should know that some aspect of the medical treatment caused the injury." Hahn v. United States, 313 Fed. Appx. 582, 585 (4th Cir. 2008).

A claim is considered "presented" under the FTCA per the requirements of 28 C.F.R. § 14.2(a) "when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain." Ahmed v. Unites States, 30 F.3d 514, 516 (4th Cir. 1994) (quoting 28 C.F.R. § 14.2(a)); *see also* Kokotis, 223 F.3d at 278-79. "[T]he claimant meets [her] burden if the notice '(1) is sufficient to enable the agency to investigate and (2) places a "sum certain" value on her claim.'" Ahmed, 30 F.3d at 517 (quoting Adkins v. United States, 896 F.2d 1324, 1326 (11th Cir. 1990)). Another Circuit has found that, even in instances where the claimant's medical records were not submitted with the filing, the claimant could still satisfy the burden of providing sufficient notice to the agency. Avery v. United States, 680 F.2d 608 (9th Cir. 1982) (holding that "where a claimant gives notice of the manner and general circumstances of injury and the harm suffered, and a sum representing damages, he has complied with section 2675(a)").

With these legal precepts in mind, the undersigned considers the Government's motion to dismiss.

7

## III. ANALYSIS

After careful consideration of the pleadings and arguments by the parties, the undersigned concludes that Plaintiff has failed to demonstrate that she satisfied the FTCA's statute of limitations for filing a claim. Accordingly, the Government's motion to dismiss should be granted.

According to Plaintiff's complaint, the injuries she sustained--shock, autonomic dysreflexia, shoulder pain, among other injuries--occurred on November 9, 2000. Plaintiff knew of the alleged injuries and the alleged causes of such injuries (use of contrast dye, being dropped) on the day they occurred, as opposed to discovering the injuries and causes on a later date. Thus, the claim accrued on November 9, 2000, because Plaintiff was aware of the injuries and the causes of her injuries on that date. Under 28 U.S.C. § 2401(b), Plaintiff needed to make an initial filing with the appropriate administrative agency no later than two years after that date. Her initial filing on September 25, 2009 was well outside the two-year statute of limitations. As Plaintiff failed to file her action by November 9, 2002, it is time-barred and the Court therefore lacks subject matter jurisdiction over her claim. *See* Fischer v. United States, No. 5:09-CT-3048-D, 2011 U.S. Dist. LEXIS 7583, at *10-11 (E.D.N.C. Jan. 26, 2011) (dismissing the plaintiff's medical malpractice claim under the FTCA as untimely where the plaintiff's claim accrued no later than March 2006 but he did not file his claim until April 2008), *aff'd*, No. 11-6210, 2011 U.S. App. LEXIS 13872 (4th Cir. July 6, 2011). Accordingly, the undersigned recommends that the Government's motion to dismiss be granted.

Plaintiff argues the statute of limitations should be equitably tolled in her case. However, equitable tolling "is appropriate only for the most deserving complainant," Muth, 1 F.3d at 251, and may not be applied where "the claimant has failed to exercise due diligence in preserving his legal rights." Polsby v. Chase, 970 F.2d 1360, 1363 (4th Cir. 1992), *vacated and remanded on other grounds*, 507 U.S. 1048 (1993). To succeed in invoking the court's equitable powers, a plaintiff must establish that she exercised due diligence and "reasonably relied on the [defendant's] misrepresentation by neglecting to file a timely charge.'" Muth, 1 F.3d at 251 (quoting English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir. 1987)).

Plaintiff contends equitable tolling should apply because "obtaining medical records that the government concealed was essential for [her] to bring [her] claim of action." Pl.'s Resp. 33, DE-34. Because the medical records were incomplete or inaccurate, Plaintiff asserts she could not file her claim. The undersigned disagrees. "Every limitations period embodies the possibility that a complaint must be filed before the claimant's knowledge is complete. That possibility, however, affords no basis for disregarding the interest of finality embodied in a statute of limitations that a legislative body has chosen to enact." Kokotis, 223 F.3d at 279. To adequately file a claim with an administrative agency, a claimant need only file a written notice that "is sufficient to enable the agency to investigate" and contains a "sum certain" for the value of the claim. Ahmed, 30 F.3d at 517. Plaintiff included a sum certain with her filing and clearly had enough information in her possession immediately after the medical procedure to enable an investigation into the facts. In addition, according to Plaintiff's complaint, she

possessed at least some of her medical records. *See* Compl. ¶ 28 (alleging that the VA provided her with computer-generated medical records). Thus, while Plaintiff asserts that the "government medical records distorted the severity of the injury, failed to identify any injury, or fraudulently reported the facts as to cause of injury," Compl. ¶ 20, such actions did not mislead or dupe Plaintiff into believing she did not have an FTCA claim. Even if the VA refused to provide Plaintiff with complete or accurate medical records, she still knew of the injuries and causes of the injuries on the date of her medical procedure on November 9, 2000. As such, the alleged misconduct by the VA did not prevent Plaintiff from providing sufficient written notice of her administrative claim, and equitable tolling therefore does not apply. *See* Muth, 1 F.3d at 251 (a claimant must show that the misrepresentation is the reason that she "neglect[ed] to file a timely charge," if tolling is to be allowed).

Plaintiff references the "continuing violations" doctrine as a basis for tolling her claim. Under this doctrine, "if an actual violation has occurred within the requisite time period and the untimely claims can be related to the timely incident, all the claims may be considered as timely." Emmert v. Runyon, No. 98-2027, 1999 U.S. App. LEXIS 8264, at *13 (4th Cir. Apr. 29, 1999). Plaintiff argues that, as the VA has not yet corrected her medical records and has failed to provide medical care for the injuries she sustained on November 9, 2000, the "last act in the series" of harms against her occurred within the limitations period, thereby tolling all other prior actions in the series. Compl. ¶ 49. However, the continuing violations doctrine generally applies to employment discrimination claims, not medical malpractice or FTCA claims. *See* Remigio v. Kelly,

10

No. 04 Civ. 1877, 2005 U.S. Dist. LEXIS 16789, at *17 (S.D.N.Y. Aug. 12, 2005) (citing AMTRAK v. Morgan, 536 U.S. 101 (2002)).

Plaintiff possibly intended to refer to the legal theory of "continuous treatment," under which

> the statute of limitations does not begin to run on a medical malpractice claim upon a claimant's initial discovery of an injury and its cause so long as the claimant remains under the "continuous treatment" of a physician whose negligence is alleged to have caused the injury; in such circumstances, the claim only accrues when the "continuous treatment' ceases."

Miller v. United States, 932 F.2d 301, 304 (4th Cir. 1991). This medical-oriented theory seems more relevant to Plaintiff's case than the continuing violations doctrine she references; it nevertheless provides Plaintiff no basis for equitable tolling. This is because the "continuous treatment" theory applies to the relationship between a patient and an individual doctor, not to "treatment from successive government physicians," Miller, 932 F.2d at 305, as Plaintiff alleges occurred here. According to Plaintiff, her physician and other medical staff at the Buffalo VA were responsible for the actions-- using contrast dye and improperly moving her from the procedure table--that caused her injuries. Plaintiff subsequently visited other VA facilities and consulted with various other physicians. Thus, a "continuous treatment" theory does not apply, as Plaintiff received treatment from successive government physicians as opposed to one individual doctor who committed negligent acts over an extended period of time.

In conclusion, Plaintiff's FTCA claim accrued on November 9, 2000. She commenced her action on September 25, 2009. Plaintiff's suit is therefore barred by the

FTCA's two-year statute of limitations. Accordingly, this Court lacks subject matter jurisdiction over the matter, and the Government's motion to dismiss pursuant to Rule 12(b)(1) should be granted.

## IV. **CONCLUSION**

Plaintiff has failed to demonstrate that she filed her claim within the two-year statute of limitations period prescribed by the FTCA or that any basis for tolling the statute of limitations exists in this case. The undersigned therefore RECOMMENDS that the Government's motion to dismiss (DE-26) pursuant to Rule 12(b)(1) be GRANTED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Wednesday, July 25, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE